J-S67039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA LEE SHILOH, | |
| Appellant | No. 357 MDA 2015 |

Appeal from the PCRA Order February 4, 2015
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0000635-2010

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 18, 2015**

Appellant, Lisa Lee Shiloh, appeals *pro se* from the order dismissing her second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

A previous panel of this Court summarized the factual and procedural background of this case as follows:

> On February 1, 2011, a jury convicted [Appellant] on five counts of delivery of cocaine, one count of delivery of heroin, criminal conspiracy to deliver cocaine, three counts of criminal use of a communication facility, and one count of endangering the welfare of a child.  The charges arose from disparate incidents, but all were predicated upon allegations that [Appellant] operated as a dealer of controlled substances to the local community.  On April 21, 2011, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] to an aggregate sentence of imprisonment of 14 to 30 years.[1]  [Appellant did not file a direct appeal].

On November 17, 2011, [Appellant] filed a *pro se* petition pursuant to the PCRA, and counsel was appointed to represent her.  On May 11, 2012, counsel filed an amended PCRA petition. Pursuant to the amended petition, the PCRA court held a hearing on August 21, 2012.  The PCRA court dismissed [Appellant's] petition and denied relief via order dated February 12, 2013.

(**Commonwealth v. Shiloh**, No. 357 MDA 2013 at *1-2, unpublished memorandum (Pa. Super. filed Nov. 20, 2013)).

This Court affirmed the PCRA court's order on November 20, 2013.  On January 17, 2014, Appellant, acting *pro se*, filed the instant second PCRA petition.[2]  On May 5, 2014, the PCRA court issued notice of its intent to dismiss the petition without a hearing.  **See** Pa.R.Crim.P. 907(1).  After Appellant made a number of supplemental filings, the PCRA court entered its order and opinion dismissing the petition and all additional filings on February 4, 2015.  This timely appeal followed.[3]

_____

[1] The court imposed the mandatory minimum penalties for drug trafficking pursuant to 18 Pa.C.S.A. § 7508.  (**See** Sentencing Order, 4/21/11; Commonwealth's Brief, at 5-6).

[2] Appellant's PCRA filing is extremely prolix, consisting of the petition itself, an attached eighty-four page argument, and several exhibits.  (**See** PCRA Petition, Attachment, and Exhibits, 1/17/14).

[3] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 20, 2015.  The PCRA court filed an opinion on March 24, 2015, in which it incorporated by reference its opinion entered February 4, 2015.  **See** Pa.R.A.P. 1925.

In her statement of the questions involved, Appellant raises twenty-two questions for our review. (**See** Appellant's Brief, at 5-10). We paraphrase her overarching question, and the issue dispositive of this appeal, as follows: Did the PCRA court err in dismissing Appellant's second PCRA petition as untimely? (**See id.** at 5).[4]

> We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's

_____

[4] Appellant's *pro se* brief fails to conform to our Rules of Appellate Procedure in several material respects. For example, the brief is excessive in length— ninety-four pages—and does not contain a certification that it is not in excess of 14,000 words, as required by Rule 2135. **See** Pa.R.A.P. 2135(a)(1). Her six-page statement of the questions involved fails to "state **concisely** the issues to be resolved[.]" Pa.R.A.P. 2116(a) (emphasis added). Significantly, the argument section is meandering, unfocused, and nearly unintelligible; it lacks pertinent legal discussion, in violation of Rule 2119. **See** Pa.R.A.P. 2119(a), (b). Although this Court is willing to construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules. **See Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). This Court could quash or dismiss this appeal in light of these substantial defects. **See** Pa.R.A.P. 2101. In the interest of judicial economy, we decline to do so, and will discuss the arguments raised by Appellant relevant to our disposition to the extent we are able to discern them.

decision dismissing a petition without a hearing for an abuse of discretion.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

"Before we may address the merits of Appellant's arguments we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." *Id.* (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on May 23, 2011 when her time to file a direct appeal with this Court expired.[5] *See*

---

[5] The last day of the thirty-day period fell on a Saturday. Therefore, Appellant had until that Monday to file a notice of appeal. *See* 1 Pa.C.S.A. § 1908.

Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, she had one year from that date, until May 23, 2012, to file a petition for collateral relief. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on January 17, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless she pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme Court] has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

- 5 -

J-S67039-15

Here, Appellant argues the applicability of the governmental interference exception, which requires a petitioner to plead and prove that the failure to raise the claim previously was the result of interference by government officials, and that the interference violates the United States or Pennsylvania Constitution or laws. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010). However, Appellant fails to explain coherently how government officials interfered with her ability to raise her substantive PCRA claims challenging her conviction or sentence. Instead, she lodges a series of bald accusations regarding the alleged misconduct of the assistant district attorney during the hearing on her first PCRA petition. (**See** Appellant's Brief, at 17, 22, 29-31, 36, 59, 86) (alleging governmental interference occurred at PCRA hearing because Commonwealth elicited false testimony and misled court). Thus, after review, we conclude that Appellant has failed to meet her burden of pleading and proving the applicability of the governmental interference exception to the PCRA's time-bar. **See Hawkins**, **supra** at 1253.

Appellant also claims a right to relief predicated on **Alleyne v. United States**, 133 S. Ct. 2151 (2013), in which the United States Supreme Court held that facts that increase the mandatory minimum sentence are elements of the offense and must be submitted to a jury and proven beyond a

- 6 -

reasonable doubt. *See Alleyne, supra* at 2155; (*see also* Appellant's Brief, at 46, 54-56, 86).[6] Appellant asserts that a challenge to the legality of a sentence cannot be waived, and that this Court may consider the issue *sua sponte*. (*See* Appellant's Brief, at 46, 56). We disagree.

Instructive to the instant case is *Miller*, *supra*, in which this Court explained, in the context of an untimely PCRA petition, that:

> We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. As a result, the PCRA court lacked jurisdiction to consider the merits of [a]ppellant's second PCRA petition, as it was untimely filed and no exception was proven.

*Miller*, *supra* at 995-96 (quotation marks and citations omitted).

In the instant case, although Appellant claims a right to relief based on *Alleyne*, she raised it in an untimely PCRA petition for which no time-bar

_____

[6] Section 7508, the mandatory minimum sentencing statute pursuant to which the trial court sentenced Appellant, has been held unconstitutional in light of *Alleyne*. *See Commonwealth v. Thompson*, 93 A.3d 478, 494 (Pa. Super. 2014); *see also Commonwealth v. Mosley*, 114 A.3d 1072, 1091 (Pa. Super. 2015).

exception applies, depriving the court of jurisdiction over the claim.[7] Therefore, Appellant's **Alleyne** claim does not merit relief.

After review of the record in this matter, we conclude that Appellant has not met her burden of pleading and proving her untimely petition fits within one of the three limited exceptions to the PCRA's jurisdictional time-bar. **See Hawkins**, **supra** at 1253. The PCRA court properly dismissed the petition without a hearing based on its determination that it was untimely with no exception to the time-bar pleaded or proven. **See Miller**, **supra** at 992. Because Appellant's PCRA petition is untimely, we are not permitted to address the merits of her remaining issues on appeal. **See id.** Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015

_____

[7] Although not argued by Appellant, we observe for the sake of completeness that an **Alleyne** claim does not satisfy the requirements of the exception to the time-bar set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii) (newly-recognized, retroactively-applied constitutional right). **See Miller**, **supra** at 995.